JOHN RICHARD SOLOKY v. MARY HOYLE COOKE AND C. T. COOKE.

(Filed 21 September, 1960.)

APPEAL by defendants from *Morris, J.,* at April Term, 1960, of WASHINGTON.

Civil action to recover property damage resulting from actionable negligence of defendants in a collision between automobile of plaintiff and truck of defendants. The case was submitted to the jury and the jury found for its verdict that plaintiff's automobile was damaged by the negligence of the defendants as alleged in the complaint; that plaintiff did not by his own negligence contribute to his injury and damage; and that plaintiff is entitled to recover of defendants $2,295.00.

Defendants appeal therefrom to Supreme Court, and assign error.

*Mayo & Mayo, Wilkinson & Ward for plaintiff, appellee.*
*Norman & Rodman for defendants, appellants.*

PER CURIAM: Upon careful consideration of the evidence shown in the record of case on appeal taken in the light most favorable to plaintiff, it appears sufficient to support the verdict of the jury, and the verdict is adequate to support the judgment.

The record indicates that the trial was conducted in accordance with law, and error for which the verdict and judgment should be disturbed is not made to appear. Hence in the judgment from which appeal is taken there is ·

No error.

---

EUGENE CARSON, MINOR, BY HIS NEXT FRIEND, MYRTLE CARSON v
ESPER DEDMON AND GASTON CLARK WALL.

(Filed 21 September, 1960.)

APPEAL by defendant Wall from *McLean, J.,* January 1960 Term, RUTHERFORD Superior Court.

Civil action for personal injury sustained in a collision between automobiles owned and driven by the defendants. The plaintiff was a passenger in the Wall vehicle. The collision occurred on a one-way bridge over Floyd's Creek in Rutherford County. The plaintiff alleg-

ed, and offered evidence tending to show actionable negligence on the part of each of the defendants and that as a result thereof he sustained injuries and damages.

Each defendant denied negligence, claiming he was first on the bridge, and that the other was at fault. Motions for nonsuit were overruled. Dedmon introduced evidence; Wall did not.

·· The court submitted separate issues of negligence which the jury answered in favor of Dedmon and against Wall. From the judgment on the verdict, Wall appealed.

*C. O. Ridings, Jack M. Freeman, Stover P. Dunagan, for plaintiff, appellee.*

*A. Clyde Tomblin, for defendant, appellant.*

PER CURIAM: The jury resolved the issues of fact against the appellant Wall. The evidence was sufficient to sustain the findings. The court's rulings and charge are in accordance with established law.

No error.

───────

LESESNE LEWIS MEEGAN and TRYON BANK & TRUST COMPANY,
    A Banking Corporation, as Trustee for LESESNE LEWIS MEEGAN
    v. FLETCHER JOURNEY GRUBBS.

(Filed 21 September, 1960.)

APPEAL by plaintiffs from *Fountain, Special Judge,* 6 June 1960 Special Term, of POLK.

This is an action to recover damages for personal injuries sustained in an accident which occurred between the plaintiff Mrs. Meegan and the automobile of the defendant, on the night of 1 June 1957, on U. S. Highway 16, between 40th and 41st Streets, approximately 141 feet south of 41st Street where it intersects with Highway 17, in the Town of Myrtle Beach, South Carolina. That portion of Highway 17 where the accident occurred is composed of two northbound lanes, separated by a grassy strip, approximately a car length in width, from the southbound lanes. The shoulder of the road east of the northbound lanes is about ten feet wide.

According to the evidence, the defendant was driving north in the right-hand lane. The plaintiff Mrs. Meegan was first observed on